IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff | ) |
| vs. | ) CA 07 011ML |
| ONE LOT OF ELEVEN THOUSAND NINE HUNDRED DOLLARS ($11,900) IN U.S. CURRENCY, Defendant | ) |

COMPLAINT FOR FORFEITURE IN REM

Plaintiff, the United States of America, acting by and through the United States Attorney for the District of Rhode Island, in a civil cause for forfeiture, alleges upon information and belief:

1. That this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355, 1356, and 1395, 21 U.S.C. § 881(a)(6), and 18 U.S.C. § 983. This Court is the proper venue for this action pursuant to 28 U.S.C. § 1395.

2. That on or about August 23, 2006, the defendant currency, one lot of eleven thousand nine hundred dollars ($11,900) in U.S. currency, was seized by members of the Rhode Island Airport Police (see affidavit of Rhode Island Airport Police Detective Robert Lafond attached hereto and made a part hereof).

3. That on or August 23, 2006, the defendant currency was used to facilitate the illegal possession and distribution of narcotics by Jonathan Barros and others and was intended to be

furnished in exchange for illegal narcotics in violation of 21 U.S.C. § 841 et. seq., to wit: on or about August 23, 2006, the defendant currency was seized by members of the Rhode Island Airport Police from Jonathan Barros after he provided incomplete and evasive answers regarding its source and intended use and after a dog sniff which resulted in a positive indication for the proximity of the currency to illegal narcotics. (see affidavit of Rhode Island Airport Police Detective Robert Lafond attached hereto and made a part hereof).

4. That the defendant currency constitutes monies furnished or intended to be furnished in exchange for controlled substances and the proceeds of controlled substance exchanges as within the meaning of 21 U.S.C. § 881(a)(6).

5. That by reason of the foregoing, the defendant currency is forfeited to the United States pursuant to the provisions of 21 U.S.C. § 881(a)(6).

6. That Maria Sarit has sent a claim of ownership to the Drug Enforcement Administration causing the United States Attorney to bring this action pursuant to 18 U.S.C. § 983(a)(3).

WHEREFORE, plaintiff, the United States of America, prays that due process issue to enforce the forfeiture and to give notice to the interested parties to appear and show cause why forfeiture should not be decreed, that the defendant be condemned as forfeited to the United States of America and thereafter be

disposed of according to law; and for all costs incurred as well as such other and further relief as this court may deem just and proper.

Respectfully submitted,

UNITED STATES OF AMERICA

By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

MICHAEL P. IANNOTTI
Assistant U.S. Attorney

VERIFICATION

I, Michael P. Iannotti, being duly sworn, depose and say that I am an Assistant United States Attorney for the District of Rhode Island, that I have read the foregoing Complaint for Forfeiture in Rem, and that the contents thereof are true to the best of my knowledge, information, and belief.

MICHAEL P. IANNOTTI
Assistant U.S. Attorney

Sworn to and subscribed to before me this 9th day of January, 2007.

Notary Public

My commission expires 8/27/09

AFFIDAVIT

I, Robert Lafond, being duly sworn, depose and say:

1. I am a member of the Rhode Island Airport Police Department and have been continuously employed in this capacity for the last 9 years. In July of 2001, I was assigned to the Drug Enforcement Administration (DEA) as a full time Task Force Agent. My duties at the DEA include, but are not limited to, investigation of violations of the Uniform Controlled Substances Act and as a Narcotic K-9 handler. At the present time, I handle two certified narcotic K-9s "Houch" and "Apollo". Both K-9s are certified under the North American Police Working Dog Association. The last certification was September 2006. I have attended numerous schools and seminars concerning drug investigations and narcotic K-9 handling technique and procedures. In September 2006, I was reassigned to the Rhode Island Airport Police Department as a K-9 Handler.

2. This affidavit is submitted in support of the Complaint for Forfeiture *In Rem* against one lot of four eleven thousand nine hundred dollars ($11,900.00) in U.S. currency seized by members of the Rhode Island Airport Police on August 23, 2006 from Jonathan BARROS at T.F. Green Airport in Warwick, Rhode Island.

3. On August 23, 2006, at approximately 05:25 a.m., I was contacted by members of the Rhode Island Airport Police who requested that I respond to T. F. Green Airport with the two narcotic K-9s, Houch and Apollo, to assist in an investigation. When I arrived at the airport, Rhode Island Airport Police Officer Roland Fournier told me that a male identified as Jonathan BARROS, DOB 04/08/1987, was at the screening check point when a Transportation Security Administration ("TSA") employee noticed that BARROS had a large amount of U.S. currency ($11,900) in his possession. TSA notified the Rhode Island Airport Police who responded to the screening area. When BARROS gave conflicting stories concerning the currency, he was escorted to the Rhode Island Airport Police Department in order to further the investigation.

4. At the Rhode Island Airport Police Department, BARROS stated that he was scheduled to fly on Spirit Airlines, one-way ticket from Providence to Fort Lauderdale at approximately 6:50 a.m. BARROS stated that he had paid cash for the ticket that morning. BARROS further stated that he was employed at his "father's" (which is actually his Uncle's) restaurant called the El Brilliante on Broad Street in Providence, Rhode Island. He indicated that he has been employed at the restaurant, part time, for the

last three to four years. BARROS also indicated that he did not have any documentation to prove his employment because he was paid in cash. According to my database research, El Brilliante is owned and operated under the name of "Carrasco Corporation", incorporated on October 10, 10, 2001, and Daniel Carrasco is listed as the President. The El Brilliante restaurant has been identified in numerous federal and local investigations since 2001 as a location used by informants and/or targets to traffic narcotics (primarily heroin, cocaine and MDMA). A recent Providence Police investigation revealed drug transactions taking place in the presence of Newton Carrasco, a/k/a "Elvis" who is BARROS' uncle and the manager of the El Brilliante restaurant. An informant has alleged that Newton Carrasco distributes multi-kilogram quantities of cocaine throughout Providence. BARROS further stated he was traveling to Fort Lauderdale to visit his "brother" (who is actually his cousin), named Chris Carrasco. BARROS did not know his cousin's address in Florida. BARROS stated he was taking the currency to Florida to buy an automobile. He stated he found two vehicles in the Auto Trader Magazine that he was interested in purchasing and that both vehicles were located in Florida. BARROS could not produce the Auto

Trader Magazine or the contact information for the present owners of the vehicles that he claimed he was interested in buying. BARROS stated the currency was monies that he had saved for the last four years, that $3,000 in cash was a birthday gift from his "father" (actually his uncle Elvis CARRASCO) and that his grandmother (Maria Sarit) gave him $800 of the currency. BARROS told me that the total amount of cash on his person was $11,000.

5. At approximately 06:15 a.m., Apollo conducted a K-9 sniff on the $11,900. Apollo alerted in a positive manner to the presence of a narcotic odor on the currency and the currency was seized for forfeiture.

6. On the same day, at approximately 1:00 p.m., I removed the currency from the secured DEA vault and removed a group of sample bills which I placed inside a clean glass mason jar. The mason jar was then secured to a 4'x8' scratch board and I took another clean mason jar and placed untainted shredded currency in the jar and secured the jar to the scratch board. Houch conducted a narcotic sniff on the 4'x8'scratch board and alerted in a positive manner to the presence of a narcotic odor on the mason jar containing the currency seized from BARROS. This narcotic K-9 sniff was also witnessed by DEA Special Agent Robyn Meletis.

7. On January 4, 2007, Meletis and I met with Maria Sarit (hereinafter referred to as "Maria"), her attorney, Kevin Bristow, and her son-in law, Les Harrington (interpreter), regarding the seizure of $11,900 at T.F. Greene Airport on August 23, 2006. Maria stated that her son Daniel CARRASCO Jr. was in Florida approximately five days before the seizure and that Daniel had called her and told her that he found a piece of rental property to purchase. Maria stated that the apartment was being sold for approximately $200,000 and she did not know the address or whether or not there was a realtor involved. Maria said she thought the apartment was not in the center of Miami but outside of the Miami Airport vicinity. She indicated that she had less than 24 hours notice to gather $12,000 for a down payment on the apartment and send it to Miami with her grandson, Jonathan (BARROS). Maria stated that on July 17, 2006 she withdrew $25,000 dollars from her joint bank account that she shared with her son Daniel. She stated that she used $20,000 plus "something" of this money for a down payment on another piece of property located on Washington Street in Providence, Rhode Island. She claimed that the remainder of the $25,000 was part of the $11,900 seized from BARROS on August 23, 2006. Maria also stated that she did not have enough cash at her apartment to send

to Daniel in Florida, so she borrowed $1,000 dollars from her husband "Jose" and $1,000 dollars from her brother Elvis CARRASCO. She indicated that she has several bank accounts and five pieces of real property in Rhode Island comprised of multi-family dwellings. One of the dwellings is in Maria and her husband Jose's name, another dwelling is in Maria and her son Daniel's name, and the other two dwellings are in her name. Maria stated that the large withdrawals/deposits were from real estate transactions and that often times she transfers money from one account to another, pays her bills with her checking account, but sometimes pays bills with cash, and that she often has large amounts of cash at her apartment. She indicated that on two separate occasions, she had two individuals transport $2,000 to the Dominican Republic and instructed them to contact her brother once they arrived, as she does not trust the banks in the Dominican Republic. Maria also said that she had sent cash to the Dominican Republic through wire transfers. Maria further stated that her son, Daniel, and brother, Elvis, own and work at the El Brilliante Restaurant on Broad Street in Providence and that her grandson Jonathan (BARROS) also works there. Maria stated that Daniel draws a paycheck from the restaurant and stated "the others must as well." I asked

Maria why Jonathan provided a different story to me about going to Miami to purchase a car, and she stated that she knew he wanted a car but she knew he already had one and she told him he needed to take the money to Miami for the down payment on an apartment. When she was asked if she had any idea as to why two separate narcotic K-9's would alert to the presences of a narcotic odor on the currency, she replied that some of the currency might have come from the El Brilliante restaurant because she borrowed $1,000 dollars from her brother, Elvis. Maria stated that her husband Jose owns a landscaping business "Ortega Landscaping", and she stated she is employed at Rhode Island Hospital in the laundry department. Maria also provided a copy of one page of her Citizens Bank Account #65-732971 pass book showing a $25,000 withdrawal on July 17, 2006.

8. A law enforcement database indicates that on February 1, 1989, Elliot Nunez, who at that time was the paramour of Maria Sarit (a/k/a/ Maria Carrasco), was arrested in Warwick, Rhode Island in possession of 7,500 packets of heroin and a .22 cal. automatic handgun. The file also indicates that at that time, Maria Sarit had rented an apartment to possibly be used as a stash location for the narcotics.

9. Based upon the foregoing there is probable cause to believe that the $11,900 in U.S. currency, referred to in paragraph 2 above, was furnished and intended to be furnished in exchange for a controlled substance, and constitutes the proceeds of the exchange of controlled substances, and that said currency is, therefore, subject to seizure and forfeiture pursuant to Title 21 U.S.C. Section 881(a)6).

ROBERT G. LAFOND
Detective
Rhode Island Airport Police

Subscribed and sworn to before me
this 9th day of January, 2007.

Notary Public
My commission expires: 5/27/07