IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff | ) | |
| vs. | ) | C.A. No. 07-011ML |
| ONE LOT OF ELEVEN THOUSAND NINE HUNDRED DOLLARS ($11,900) IN U.S. CURRENCY, Defendant | ) | |

PLAINTIFF'S PRETRIAL CONFERENCE STATEMENT

This is an *in rem* action brought pursuant to 21 U.S.C. § 881(a)(6), which provides for the forfeiture to the United States of America, of all monies furnished or intended to be furnished by any person in exchange for a controlled substance, all proceeds traceable to such an exchange, and all monies used or intended to be used to facilitate a controlled substance violation.

FACTS

On August 23, 2006, a Transportation Security Administration ("TSA") employee noticed that Jonathan Barros had a large amount of U.S. currency ($11,900) in his possession and when he gave conflicting stories concerning the currency, he was escorted to the Rhode Island Airport Police Department. Barros stated that he was scheduled to fly on Spirit Airlines, he had a one-way ticket from Providence to Fort Lauderdale at approximately 6:50 a.m., and that he had paid cash for the ticket that morning. Barros further stated that he was employed at his "father's" (which is actually his uncle's) restaurant called the El Brilliante on Broad Street in Providence, Rhode Island, which is known to law

enforcement as a location for narcotics trafficking. (primarily heroin, cocaine and MDMA). Barros indicated that he was employed at the restaurant, part time, for the last three to four years and that he did not have any documentation to prove his employment because he was paid in cash. A recent Providence Police investigation revealed drug transactions taking place in the presence of Newton Carrasco, a/k/a "Elvis" who is Barros' uncle and the manager of the El Brilliante restaurant. An informant has alleged that Newton Carrasco distributes multi-kilogram quantities of cocaine throughout Providence. Barros further stated he was traveling to Fort Lauderdale to visit his "brother" (who is actually his cousin), named Chris Carrasco. Barros did not know his cousin's address in Florida. Barros stated he was taking the currency to Florida to buy an automobile and that he had found two vehicles in the Auto Trader Magazine that he was interested in purchasing and that both vehicles were located in Florida. Barros could not produce the Auto Trader Magazine or the contact information for the present owners of the vehicles that he claimed he was interested in buying. Barros stated the currency was monies that he had saved for the last four years, that $3,000 in cash was a birthday gift from his "father" (actually his uncle Elvis Carrasco) and that his grandmother (Maria Sarit) gave him $800 of the currency. Barros said that the total amount of cash on his person was $11,000. The narcotics-sniffing dog, Apollo, alerted positively to the presence of narcotics on the currency. During an independent

test later in the day, the narcotics-sniffing dog, Houch, also alerted positively to the presence of narcotics on the currency.

A claim to the currency was filed with the Drug Enforcement Administration by Maria Sarit. In her claim, she states that Barros was carrying the $11,900 to her son, Daniel Carrasco (who also works at the El Brilliante restaurant) in Florida. This conflicts with statements made by Barros at the airport and a January 2007 statement made by Sarit to DEA agents where she claimed that she had only given $7,000 to Barros.

## LEGAL AUTHORITIES

Title 21, U.S.C., § 881(a) provides:

> The following shall be subject to forfeiture to the United States and no property right shall exist in them:
>
> . . .
>
> (6) All monies, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of this subchapter, all proceeds traceable to such an exchange, and all monies, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

The government's burden of proof is to establish by a preponderance of the evidence that the defendant currency constitutes the proceeds of the sale of controlled substances or was intended to be used to purchase a controlled substances. 18 U.S.C. § 983(c)(1). Once the government has shown by a preponderance of the evidence that the defendant currency is subject to forfeiture, the burden shifts to the claimant to prove by a preponderance of the evidence 1) that he has an ownership

interest in the defendant currency and 2) that he is ignorant of the illegal conduct that gave rise to the seizure. 18 U.S.C. § 983(d)(1); United States v. Two Hundred Fifty Thousand Dollars ($250,000.00) in U.S. Currency, 808 F.2d 895, 900 (1st Cir. 1987).

Based upon the foregoing, there is probable cause to believe that the $11,900 is narcotics proceeds. The Government will also establish this fact by a preponderance of the evidence. Given the conflicting statements made by Barros and Sarit regarding the source and intended use of the currency, Sarit will not be able to establish that she is an innocent owner of the $11,900.

Respectfully submitted,

UNITED STATES OF AMERICA

By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Michael P. Iannotti
MICHAEL P. IANNOTTI, #2919
Assistant U.S. Attorney
U.S. Attorney's Office
Fleet Center
50 Kennedy Plaza, 8th floor
Providence, RI 02903
401/709-5000
401/709-5017 (fax)
michael.iannotti@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 11, 2007, I electronically filed the within Plaintiff's Pretrial Conference Statement with the Clerk of the United States District Court for the District of Rhode Island using the CM/ECF System.

The following participant has received notice electronically:

Kevin J. Bristow, Esq.
505 Turks Head Building
Providence, RI 02903
KJBristowlaw@verizon.net

<u>/s/ Michael P. Iannotti</u>
MICHAEL P. IANNOTTI
Assistant U.S. Attorney