**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **Plaintiff** | : | |
| **vs.** | : | **C.A. NO. 07-011ML** |
| | : | |
| **ONE LOT OF ELEVEN THOUSAND NINE** | : | |
| **HUNDRED DOLLARS ($11,900) IN U.S.** | : | |
| **CURRENCY** | : | |
| **Defendant** | | |

**CLAIMANT MARIA SARIT'S PRETRIAL CONFERENCE STATEMENT**

Claimant Maria Sarit has made a lawful and timely claim for the funds which are the subject of this forfeiture action. These funds are owned by Ms. Sarit and are not the fruits or instrumentality of illicit drug trafficking or any other criminal activity. No factual or legal basis for seizing the money existed at the time it was taken. The Government has no basis for holding or forfeiting these funds and cannot demonstrate such a basis by a preponderance of the evidence.

FACTS

On August 23, 2006, Ms. Sarit's 19 year old grandson, Jonathan Barros, was stopped while at a passenger screening area at T.F. Green Airport. At that time, Mr. Barros was a ticketed passenger attempting to get to a departure gate at the airport. A Transportation Security Agency (TSA) employee noticed Mr. Barros carrying the U.S. Currency which is the subject of this forfeiture. Mr. Barros was pulled away from the

security station and was questioned. Thereafter, the money was taken from him without explanation.

At the time the money was seized by the Government, Jonathan Barros was not involved in any criminal activity. He and his possessions were thoroughly searched and no evidence of criminal, illicit or improper activity was found. No controlled substances, drug records, packaging material or other indicia of illicit drug activity were found.

The money that Mr. Barros had in his possession belonged to the claimant, Maria Sarit. Ms. Sarit gave the money to her grandson for the purpose of traveling to Florida to deliver the money to her son, Daniel Carrasco. The money was to be used by Mr. Carrasco as a portion of a down payment on an investment property in Florida.

On October 6, 2006, Ms. Sarit and Mr. Barros provided affidavits to the Government attesting to the veracity of the above. Ms. Sarit provided copies of bank records from an account in her and Mr. Carrasco's name to help the Government confirm the source of the funds. On November 9, 2006, these same bank records were voluntarily sent via electronic facsimile to government agent Robert Lafond. Agent Lafond, who is the affiant associated with the Complaint for Forfeiture In Rem, requested these records from the Claimant. On January 4, 2007, the Claimant voluntarily met with agent Lafond and another government agent. At that meeting, she detailed the source of the funds she had given to Mr. Barros, her property holdings, and her sources of income. The Government responds by filing the instant action.

Maria Sarit is 60 years old. She is employed full time at Rhode Island Hospital and has worked her entire adult life. She does not have a criminal record.

LEGAL AUTHORITY

The Government's Pretrial Conference Statement correctly states the statutory and case law applicable to this matter.

The Government cites no direct evidence to support its assertion that it can demonstrate by a preponderance of the evidence "that the subject currency constitutes the proceeds of the sale of controlled substances or was intended to be used to purchase a controlled substance". The evidence cited is loosely circumstantial, remote and, in many cases, not likely to be admissible.

Respectfully submitted,
MARIA SARIT
By her attorney,

/s/ Kevin J. Bristow

Kevin J. Bristow, R.I. Bar Reg. No. 3984
505 Turks Head Building
Providence, R.I. 02903
401-521-2800; fax 401-521-2812
kjbristowlaw@verizon.net

Dated: April 12, 2007

**Certification**

I certify that on April 12, 2007 I caused a true copy of this Pre-Trial Conference Statement to be sent via electronic filing (CM/ECF) to the following:

**Assistant U.S. Attorney Michael P. Iannotti**
michael.iannotti@usdoj.gov